IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD LEE LEWIN,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

Defendant.

Case No. 6:15-cv-00474-TC

OPINION AND ORDER

COFFIN, Magistrate Judge:

Plaintiff Ronald Lewin seeks judicial review of the Commissioner's decision denying his application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). All parties have consented to allow a Magistrate Judge to enter final orders and judgments in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff protectively filed an application for DIB and SSI on April 2, 2012, alleging disability beginning February 1, 2011. Tr. 36. Plaintiff was insured under Title II through December 31, 2013. Tr. 11. Following a denial of benefits, plaintiff requested a hearing before an administrative law judge (ALJ). On January 3, 2014, an ALJ determined plaintiff was not disabled. Tr. 11-24. Plaintiff appealed that decision to the Appeals Council and submitted as new evidence, a psychological evaluation by Judith Eckstein, Ph.D.. Tr. 5-6. After considering the new evidence and making it part of the record, the Appeals Council affirmed the ALJ's decision on January 20, 2015. Tr. 1-7. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). In reviewing the Commissioner's alleged errors, this court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, "cannot affirm the

2 – OPINION AND ORDER

Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff's appeal focuses only on his mental impairments because, he argues, "those are the impairments that are most disabling and . . . were not properly developed at the hearing level." Pl.'s Br. 4. Specifically, plaintiff argues that the ALJ erred by failing to develop the record by not seeking a psychological examination after one was recommended by consultative examiner, Anthony Glassman, M.D., in July 2012, and by relying on a residual functional capacity (RFC) that was not supported by substantial evidence. Pl.'s Br. 12-13. Plaintiff asserts that because the ALJ failed to develop the record, he did so by obtaining a psychological examination from Dr. Eckstein and submitting it to the Appeals Council as new evidence after the ALJ issued her unfavorable decision. Pl.'s Reply Br. 5. Plaintiff argues this court should remand the case for further proceedings and direct the ALJ to assess Dr. Eckstein's opinion and reassess his credibility, as well as the RFC, in light of the new opinion evidence. *Id.*

I.  ALJ's Development of the Record and Assessment of Plaintiff's Credibility

Plaintiff argues that because Dr. Glassman recommended a psychological evaluation to "fully ascertain his employability" due to his "somewhat tangential" conversation and thought process, the ALJ's failure to order an evaluation was a breach of her duty to develop the record. *Id.* at 6 (*quoting* Tr. 368).

///

3 – OPINION AND ORDER

The ALJ found that plaintiff has only "moderate" difficulties with concentration, persistence, and pace and in so finding, noted that plaintiff "frequently presents with tangential thoughts and pressured speech; however, these symptoms improved when he took medication for them." Tr. 15. The ALJ also found plaintiff's subjective symptom testimony "not entirely credible," in part, because he "sometimes endorsed problems with concentration, but denied such problems at other times." Tr. 21. The ALJ specifically noted that in October 2012, plaintiff met with his mental health treatment provider Nathaniel Holt, PMHNP, and "denied any problems with . . . attention, concentration, [or] memory" and also "declined any psychotropic intervention." Tr. 18. The ALJ also noted that in October 2013, plaintiff admittedly stopped taking an antidepressant that he "tolerated well and found helpful" due to side effects that Nurse Holt "did not identify . . . as accepted or normal issues with that medication" and then "declined to take another antidepressant, even though he felt they had been helpful in the past." Tr. 19.

Finally, the ALJ discussed plaintiff's medical records from March and April 2013 and noted that plaintiff reported difficulties with depression and concentration, but stated that the symptoms he was experiencing had been present for only two weeks at that time. *Id.* The ALJ added that objectively, Nurse Holt found that plaintiff's "full affective range was inconsistent with his reported depression," his "previously reported areas of abnormality were now within normal limits, such as . . . speech rate/rhythm," and after performing a mental health status examination, opined that plaintiff "continued to fail to show significant areas of concern." *Id.*

An ALJ in social security cases has a duty to fully and fairly develop the record to assure that the claimant's interests are considered. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). However, the claimant bears the burden of proving the existence or extent of an impairment, such that the ALJ's limited "duty to further develop the record is triggered only

4 – OPINION AND ORDER

when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). *See also Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence). "No authority suggests that the regulations require the ALJ to continue developing the record until disability is established; the regulations require only that the ALJ assist the claimant in developing a complete record." *Hampton v. Astrue*, 2009 WL 2351703 at *11 (D. Or. July 27, 2009) (citing *Bowen v. Yuckert,* 482 U.S., 137, 146 (1987)). Impairments that can be controlled effectively with medication or treatment are not disabling for purposes of determining eligibility for benefits. *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

An "unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a number of good reasons for not doing so applies." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (internal citation omitted). The ALJ may also employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. *Smolen*, 80 F.3d at

1284. If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Here, the ALJ squarely addressed plaintiff's tangential thought process and speech and found that he has only moderate limitations because his symptoms are controlled effectively with medication. *Warre*, 439 F.3d at 1006. The ALJ noted, however, that plaintiff rejected the use of psychotropic medications twice despite acknowledging they had been useful at ameliorating his symptoms and that he also stopped taking prescribed medication for reasons his mental health treatment provider did not acknowledge as normal or accepted issues associated with that medication. *Orn*, 495 F.3d at 638. The ALJ also noted inconsistencies in plaintiff's symptom testimony relating to his depression and concentration issues and noted reports from Nurse Holt stating that plaintiff's speech rate/rhythm were within normal limits and that his reported depression did not match his affective range. *Smolen*, 80 F.3d at 1284. Finally, the ALJ noted that in April 2013 Nurse Holt performed a mental health examination and found that plaintiff continued to fail to show significant areas of concern.

In sum, by discussing inconsistencies in plaintiff's symptom statements, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements. As a result, this court need not discuss all of the reasons provided by the ALJ for rejecting plaintiff's symptom statements because at least one legally sufficient reason exists. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's credibility finding is, therefore, affirmed. Moreover, this court finds that the record was not ambiguous or inadequate and that the ALJ reasonably concluded that plaintiff's tangential thought process caused only moderate difficulties with concentration,

persistence, and pace because his symptoms were controllable with medication, which plaintiff refused to take on two separate occasions and eventually discontinued the use of for reasons his mental health treatment provider did not recognize as normal or acceptable. As such, this court finds that the ALJ did not error by not further developing the record. *Mayes*, 276 F.3d at 460.

II.     Adequacy of the RFC

Plaintiff argues the ALJ erred by leaving his "inability to stay on task or focus due to his tangential thought process" out of the RFC, "despite the fact that the ALJ noted that three different providers found [him] to be tangential." Pl.'s Br. 12-13.

The ALJ found that plaintiff had the RFC to perform "light work" with the additional mental limitations that he can "understand, remember, and carry out simple and detailed instructions, but not complex instructions, that are learnable in 30 days or less. He is able to engage in occasional contact with coworkers. He can tolerate no more than occasional, brief, casual interactions with the public." Tr. 16. In so finding, the ALJ gave "great weight" to the opinions of reviewing doctors Leslie Arnold, M.D., and Sharon Eder, M.D., who also concluded that plaintiff had only moderate difficulties in social functioning, concentration, persistence, or pace because, the ALJ noted, their opinions were "consistent with the substantial evidence of record." Tr. 18, 21-22. Moreover, the ALJ discussed much of the same evidence that Drs. Arnold and Eder discussed when reaching their conclusions, such as plaintiff's 30/30 score on a mini-mental status examination (MMSE) performed Dr. Glassman, who consequently concluded that objectively, plaintiff displayed no cognitive deficits. Tr. 17, 81.

The RFC is the maximum a claimant can do despite his limitations. *See* 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant

7 – OPINION AND ORDER

medical and other evidence," including the claimant's testimony. SSR 96-8p, *available at* 1996 WL 374184. The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the vocational expert (VE). *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Here, as discussed above, the ALJ reasonably concluded that plaintiff's tangential thought process caused only moderate difficulties with concentration, persistence, and pace and she also reasonably found plaintiff's symptom testimony not credible. Moreover, the ALJ's RFC findings are consistent with the findings of reviewing Doctors Arnold and Eder, whose opinions the ALJ gave great weight to. Accordingly, plaintiff's argument, which is contingent upon a finding of harmful error in regard to the aforementioned issues, is without merit. *Bayliss*, 427 F.3d at 1217-18; *Stubbs-Danielson*, 539 F.3d at 1175-76. The ALJ's RFC is upheld.

III. Post-decision Evidence

At the request of plaintiff's attorney, Dr. Eckstein completed an examination of plaintiff on March 25, 2014, and noted that plaintiff "feels his concentration is fairly good" and objectively found that when "given a series of cognitive tasks to perform[,] his information fund was strong in response to factual types of questions." Tr. 521. Dr. Eckstein also found that plaintiff has "good abstract reasoning ability," he "appears to be functioning adequately from a cognitive standpoint although he may be expected to have brief lapses in concentration," "his speech was within normal parameters, [h]is thought process was logical and coherent[,] and he was oriented in all spheres." Tr. 520-21.

8 – OPINION AND ORDER

Dr. Eckstein also completed a check-the-box mental RFC (MRFC) report at the request of plaintiff's attorney on April 18, 2014. The MRFC report contained twenty questions relating to plaintiff's ability to perform certain work related tasks and asked whether any of plaintiff's specific impairments would preclude him from performing any aspect of a job for 0%, 5%, 10%, or 15% or more of a 7.5 hour work day. Tr. 515-27. Of the twenty categories of limitations Dr. Eckstein assessed, she checked seven boxes indicating that plaintiff's impairments would preclude performance of work tasks 0% of the time, seven boxes indicating impairments that would preclude performance 5% of the time, six boxes indicating impairments that would preclude performance 10% of the time, and no boxes indicating that plaintiff's impairments would preclude performance 15% or more of the time. Tr. 524-26. Dr. Eckstein concluded that the overall effect of plaintiff's impairments would be an inability to work 60% of a regular work week. Tr. 527.

On May 28, 2014, plaintiff's attorney wrote Dr. Eckstein to request that she reconsider her findings on four of the twenty questions on the MRFC relating to plaintiff's ability to: (1) "maintain attention and concentration for extended periods"; (2) "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"; (3) "complete a normal workday and workweek without any interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods"; and (4) "accept instructions and respond appropriately to criticism from supervisors." Tr. 525-26. Plaintiff's attorney explained that by opining that plaintiff was "limited only 5% or 10% of the time in the articulated categories, the agency may consider that to be inconsistent with your finding that he would be unable to perform in a work setting 60% of the time." Tr. 530. Plaintiff's attorney noted that "the 'percentage categories' are identified and

described on page 1 of the [MRFC] report you completed dated April 18, 2014," but he provided Dr. Eckstein with no further clarification of the limitation percentage categories and with no additional medical evidence. Tr. 530-31. Finally, plaintiff's attorney requested that Dr. Eckstein comment on "the malingering issue," in the new MRFC. Tr. 531.

On May 29, 2014, Dr. Eckstein completed a new MRFC whereby she changed her opinion of plaintiff's impairments in the four categories identified by plaintiff's attorney, but left the other sixteen categories undisturbed. Tr. 532-35. Dr. Eckstein opined that three of the four identified categories now resulted in a maximum, 15% or greater impairment, and the fourth category now resulted in an increased limitation rating from 5% to 10%. *Id.* Dr. Eckstein further opined that plaintiff's overall inability to work increased from 60% to 65% and she noted that she did "not find plaintiff to be malingering and ask[ed] that that diagnosis be ruled out." *Id.*

"When the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n. 2 (9th Cir. 2007). The court then considers whether the post-decision evidence undermines or further supports the ALJ's decision. *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). When a doctor "become[s] an advocate and assist[s] in presenting a meaningful petition for Social Security benefits," this provides a "specific, legitimate reasons for disregarding the [doctor's] conclusions." *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). A physician's opinion may also be rejected if it conflicts with the physician's other findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Here, Dr. Eckstein claims that she modified her opinion of plaintiff's limitations because she received further clarification of the four limitation percentage categories. The record,

however, does not support this assertion. The record reveals that plaintiff's attorney merely noted the location of the definitions of the limitation categories on the MRFC questionnaire, but provided no further clarification of the definitions and also provided no further medical evidence to support Dr. Eckstein's revised findings. Moreover, Dr. Eckstein changed only the four limitations that plaintiff's attorney requested and left the other sixteen findings undisturbed. Accordingly, because Dr. Eckstein's second MRFC was not supported by new evidence and was made with no further clarification of the limitation categories, and because she modified only the four limitations that plaintiff's attorney requested so that the agency would not consider her individual findings inconsistent with her overall conclusion, this court finds that Dr. Eckstein stepped out of her role as a medical provider and became an advocate for plaintiff in presenting a meaningful petition for Social Security benefits.

Moreover, this court finds that Dr. Eckstein's evaluation notes, which revealed objectively normal findings, are inconsistent with the overall level of impairments she endorsed in the second MRFC. Specifically, Dr. Eckstein's evaluation notes reveal that plaintiff performed well on cognitive tests, functioned adequately from a cognitive standpoint but that he may have brief lapses in concentration, has a logical and coherent thought process, and was oriented in all spheres. Dr. Eckstein's second MRFC, however, states that plaintiff will be unable to work 65% of the time due to his mental impairments.

As such, because Dr. Eckstein stepped out of her role as a medical provider and became an advocate for plaintiff, *Matney*, 981 F.2d at 1020, and because the findings in her MRFC were inconsistent with the findings in her evaluation, *Tommasetti*, 533 F.3d at 1041, this court rejects Dr. Eckstein's MRFC and finds that it does not undermine the ALJ's decision. *Brewes*, 682 F.3d at 1163. Accordingly, the Commissioner's decision is affirmed.

11 – OPINION AND ORDER

## CONCLUSION

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's final decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 6th day of June 2016.

_____
THOMAS M. COFFIN
United States Magistrate Judge